UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DWAYNE J. TAYLOR,

    Petitioner,

v.                                              Case No. 5:16-cv-496-Oc-40PRL

WARDEN, FCC COLEMAN – USP II,

    Respondent.
_____/

## ORDER DISMISSING PETITION

Petitioner, *pro se*, is a prisoner at FCC Coleman – USP II who was convicted in the District of Columbia. He is proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges a 2016 decision by the U.S. Parole Commission to deny him parole and order a rehearing in 36 months. (*Id.*) Respondent urges dismissal because the Commission's decision was not arbitrary or capricious. (Doc. 10.) Petitioner did not file a Reply, and the time to do so has passed.

### A. Standard of Review

"Parole is not a right, but an expectation that may be granted by the Commission." *Glumb v. Honstead*, 891 F. 2d 872, 873 (11th Cir. 1990) (internal citations omitted). "A federal court will not reverse a decision of the Commission unless it involves flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion." *Id.* (internal citations omitted). An action of the Commission is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible

considerations, or when if fails to comply with the Commission's own rules and regulations. *Zannino v. Arnold*, 531 F. 2d 687, 690-91 (3rd Cir. 1976).

Authority to make parole decisions concerning D.C. code offenders was transferred to the U.S. Parole Commission in 1998. They are governed by both the D.C. parole laws and the Commission's regulations. *See* D.C. Code § 24-204 et seq., 28 C.F.R. § 2.80. At the initial parole hearing, the examiner calculates a defendant's Salient Factor Score, which aids in determining the parole decision. The score "is used to assist the Commission assessing the probability that an offender will live and remain at liberty without violating the law. The prisoner's record of criminal conduct (including the nature and circumstances of the current offense) shall be used to assist the Commission in determining the probable seriousness of the recidivism that is predicted by the Salient Factor Score." 28 C.F.R. § 2.80(c).

The regulations permit the Commission to grant or deny parole notwithstanding the guidelines recommendation under certain circumstances. 28 C.F.R. § 2.80(n)(1). Examples include unusual cruelty to the victim and unusual propensity to inflict unprovoked and potentially homicidal violence. 28 C.F.R. § 2.80(n). D.C. parole law also provides:

> Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence . . . the Board **may** authorize his release on parole.

D.C. Code § 24-204(a) (emphasis added).

## B. The Petition

Petitioner is serving a 20 year to life term of imprisonment for murder, imposed in the Superior Court for the District of Columbia on September 11, 1995. (Case No. F786394). Petitioner, then 17-years-old, and two co-defendants robbed a cab driver and shot him in the head. (Doc. 10, Exh. 2.) Petitioner was first eligible for parole on June 10, 2014. In preparation for his initial parole hearing, a hearing examiner from the U.S. Parole Commission assessed Petitioner's eligibility. (*Id.*) Based on the D.C. parole guidelines in effect from 1987-1998, Petitioner's total point score was 2—indicating parole should be granted with the highest level of supervision required. (*Id.*)

At Petitioner's initial parole hearing on June 24, 2014, the hearing examiner recommended that the Commission deny parole despite the total point score. (*Id.* at Exh. 3.) The Commission denied parole on July 15, 2014, finding:

> [A] departure from the guidelines at this consideration is found warranted because the Commission finds there is a reasonable probability that you would not obey the law if released and your release would endanger the public safety. You are a more serious parole risk than shown by your point score because the base offense involved murder and you were found guilty of Possessing a Dangerous Weapon in 2012. In addition, you were found guilty of eight additional non-accountable violations that include a second Possession of a Dangerous Weapon. You need to demonstrate to the Commission that you can remain incident free and avoid possession dangerous weapons.

(*Id*. at Exh. 4.) The Commission continued the case for rehearing in June 2016. (*Id.*)

In May 2016, a hearing examiner recommended parole be granted in his pre-rehearing assessment. (*Id.* at Exh. 5.) At the June 15, 2016, rehearing, 11 family members of the victim participated by video conference. (*Id.* at Exh. 6.) Petitioner expressed

remorse during the hearing, and it was noted that he had received no disciplinary infractions since 2012. The hearing examiner described it as "a difficult case" but ultimately recommended denial of parole despite the guidelines' suggesting parole should be granted. (*Id.* at p. 4.) The Commission denied parole on July 11, 2016, continuing for a rehearing in June 2019. In denying parole, the Commission wrote:

> After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because you are a more serious risk than indicated by your point score in that based upon the violent nature of the instant offenses and the extreme cruelty demonstrated towards the victim, who was shot execution style, during an armed robbery.

(*Id.* at Exh. 7.) The Commission also decided to grant rehearing in 36 months rather than 12 months, for the same reasons it denied parole. (*Id.*) According to the Bureau of Prisons Inmate Locator, Petitioner is currently incarcerated at FCC Coleman – USP II.

Petitioner claims that: (Ground 1) the Commission engaged in impermissible "double counting" of aggravating factors under the guidelines; (Ground 2) the Commission abused its discretion by denying parole based on impermissible factors; and (Ground 3) the Commission abused its discretion where Petitioner completely complied with what he was instructed to do at the initial hearing. (Doc. 1.) Petitioner also challenges the Commission's decision to set the rehearing in 36 months, rather than the typical 12 months. (*Id.*)

## C. Discussion

Petitioner's claims that the Commission abused its direction in departing from the guidelines in denying parole and setting the rehearing for 36 months later, rather than 12 months, are to due to be denied. Upon review of the record, there is no evidence that the Commission's decision "involve[d] flagrant, unwarranted, or unauthorized action that constitute[d] an abuse of the Commission's discretion." *Glumb,* 891 F. 2d at 873. While the guidelines may have indicated parole was appropriate, Petitioner was never *entitled* to parole. *See, e.g., Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996) (parole is never mandated under the D.C. parole statue and regulations). The Commission found that there were unusual circumstances that justified a departure from the guidelines and from the time for rehearing—specifically, the extreme cruelty to the victim, who was shot execution style.

Finally, with regard to Petitioner's allegation of "double counting," the Eleventh Circuit Court of Appeals has held that "[i]mpermissible double counting occurs only when on part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *See United States v. Matos-Rodriguez,* 188 F.3d 1300, 1309 (11th Cir. 1999). Further, "the Commission is permitted to consider a broad range of evidence in reaching its decision." *Ford v. Wiley*, 168 Fed. Appx. 877, 882 (11th Cir. 2006) (citing *Page v. U.S. Parole Comm'n*, 651 F. 2d 1083 (5th Cir. 1981). The Commission's consideration of the extreme cruelty to the victim did not duplicate considerations taken elsewhere in the guidelines. *See e.g., Hall v. Henderson*, 672 A.2d 1047, 1055 (D.C. 1996)

(factor indicating risk of violence used to determine grid score is not the same as "unusual cruelty to the victim" – a factor enumerated in the 1991 policy statement as a countervailing factor deny parole and order a 5-year set off).

### D. Conclusion

For the reasons discussed above, the petition for writ of habeas corpus filed by Dwayne J. Taylor (Doc. 1) is **DENIED.** T**he Clerk of Court** is directed to enter judgment accordingly, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, on September 11, 2019.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties
SA: OCAP-2